Antonio Romanucci (*pro hac vice*)
Martin Gould (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark St. Ste. 900
Chicago, IL 60654
P: (312) 458-1000
F: (312) 458-1004
Email: aromanucci@rblaw.net
Email: mgould@rblaw.net

Jeffrey D. Eisenberg (4029)
Christopher P. Higley (15161)
**EISENBERG, GILCHRIST & CUTT**
215 S. State St. Ste. 900
Salt Lake City, UT 84111
P: (801) 366-9100
F: (801) 350-0065
Email: jeisenberg@egclegal.com
Email: chigley@egclegal.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY J. PETERSON, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>IAN ADAMS, in an individual and official capacity; DOUG DIAMOND, in an official capacity; WEST JORDAN CITY; SALT LAKE CITY CORPORATION; SALT LAKE COUNTY; JAMES "JIM" WINDER, in an individual and official capacity; and John and/or Jane Does 1-20,<br><br>    Defendants. | **FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>Honorable Bruce S. Jenkins<br><br>Case No.: 2:16-CV-00775-BSJ |

Plaintiff Timothy J. Peterson, by and through counsel, hereby Complains against Defendants and, in pleading hypothetically and in the alternative, states as follows:

## PARTIES

1.      Plaintiff Timothy J. Peterson ("Mr. Peterson" or "Plaintiff") is a male citizen of the United States who resides in Salt Lake County, Utah.

**A.  West Jordan City Defendants**

2.      Upon information and belief, at all relevant times, Defendant Ian Adams was a resident of Salt Lake County and an employee of the West Jordan Police Department.

3.      At all relevant times, Defendant Officer Ian Adams was a law enforcement officer employed by the West Jordan Police Department, Salt Lake County, State of Utah.

4.      Upon information and belief, at all times relevant hereto, Defendant Doug Diamond was a resident of Salt Lake County and an employee of the West Jordan Police Department and was acting as Chief of Police of the West Jordan Police Department.

5.      At all times relevant hereto, Defendant West Jordan City is a municipal corporation and is a political subdivision of Salt Lake County, State of Utah. As part of its corporate powers, and at all times relevant herein, West Jordan City maintained the West Jordan Police Department as a division of West Jordan.

6.      The Defendants, John and/or Jane Does, 1-20, are presently, or were, at the time of the Plaintiff's injuries, employees and agents of the Defendant West Jordan City, whose true identities are presently unknown to the Plaintiff. The Plaintiff respectfully requests leave to amend her complaint when the Defendants' true identities are ascertained.

7.      This action is brought against the named individuals in their individual capacities, and where applicable, their supervisory capacities. Their authority to act was derived from Utah State law and their own authority and/or commands or directives of their supervisors. All of these acts were performed under color of state laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Utah, the City of West Jordan, and the West Jordan Police department.

8.      Each of the defendants was personally responsible, in some manner, based upon acts and omissions performed under the color of state law, for the events and occurrences described hereafter and for the resulting injury and damages to Plaintiff.

9.      This action is also brought against West Jordan City, which includes the West Jordan Police Department, as a "person" liable under 42 U.S.C. § 1983.

**B.  Salt Lake County Defendants**

10.     The Defendant, Salt Lake County, is a county of the State of Utah organized and existing pursuant to Utah law and as such is a political subdivision of the State of Utah, which is located within Salt Lake County, State of Utah.

11.     The Defendant, James "Jim" Winder, is the Salt Lake County Sheriff, who is an elected official, with duties prescribed by statute, who maintains his office and executes his duties within Salt Lake County, State of Utah (hereinafter referred to as "Salt Lake County Sheriff"). Upon information and belief, Jim Winder was the Salt Lake County Sheriff at all relevant times, including from July 10, 2014 until present.

12.     Upon information and belief, Defendant, Salt Lake County Sheriff, operates and is in control of, the Salt Lake County Jail, which facility is located in Salt Lake County, State of Utah.

13.     The Defendants, John and/or Jane Does, 1-20, are presently, or were, at the time of the Plaintiff's injuries, employees and agents of the Salt Lake County Sheriff, or Salt Lake City Corporation, whose true identities are presently unknown to the Plaintiff. The Plaintiff respectfully requests leave to amend her complaint when the Defendants' true identities are ascertained.

3

14.     The claims against the individual Defendants in this action are both in their individual and official capacities as the Sheriff of Salt Lake County, employees of the Sheriff of Salt Lake County, and/or employees of Salt Lake City.

15.     At the time of the Plaintiff's injuries, and all times pertinent thereto, the Defendants, and each of them, acted under color of State and/or Federal law or of a statute, ordinance, regulation, custom, or usage.

## NATURE OF ACTION

16.     This action is brought for damages and other appropriate relief under 42 U.S.C. § 1983 for violation of Plaintiff's federal civil rights by the defendants, whose actions were taken under color of state law.

## JURISDICTION AND VENUE

17.     This is an action to redress violations of the Plaintiff's federal civil rights under the laws and constitution of the United States of America and pursuant to 42 U.S.C. § 1983.

18.     This action arises under the United States Constitution and Federal Law, particularly pursuant to 42 U.S.C. § 1983 and § 1988, and the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

19.     This Court has federal question jurisdiction of the claims asserted below pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. §1331.

20.     The claims made in this complaint occurred and arose in the State of Utah, District of Utah, Central Division. Venue is therefore proper before this Court pursuant to 28 U.S.C. § 1331.

## **GENERAL ALLEGATIONS**

### **A.  Plaintiff shot twice while running away**

21.      On or about July 10, 2014 at approximately 12:30 am, Plaintiff was outside of Office Max at a popular shopping center in West Jordan, Utah called Jordan Landing.

22.      Plaintiff was on the north side of Office Max.

23.      While driving his police vehicle, Defendant Adams approached Plaintiff and attempted to speak to Plaintiff while he was still in his police vehicle.

24.      Plaintiff turned east to walk away from Defendant Adams.

25.      Defendant Adams stopped and quickly exited his police vehicle.

26.      Defendant Adams started to run toward Plaintiff.

27.      Plaintiff began to run away from Defendant Adams.

28.      Defendant Adams yelled at Plaintiff to stop.

29.      When Plaintiff did not stop, Defendant Adams drew his firearm.

30.      Without just cause or provocation, Defendant Adams began shooting at Plaintiff.

31.      Within approximately 12 seconds of exiting his vehicle, Defendant Adams fired a total of 10 shots at Plaintiff, hitting Plaintiff multiple times.

32.      The gunshots caused Plaintiff to suffer severe physical harms.

33.      Defendant Adams kept his gun trained on Plaintiff and offered no immediate medical attention.

34.     At all relevant times, Plaintiff made no attempt to threaten Defendant Adams with the use of deadly force – or any physical force for that matter.

35.     As a direct and proximate result of being shot, Plaintiff suffered, and continues to suffer, severe physical and mental pain and anguish, including, but not limited to, conscious pain and suffering, loss of enjoyment of life, and multiple gunshot wounds to his left leg, buttock, and hip.

**B.  Plaintiff's incarceration at Salt Lake County Jail**

36.     After Plaintiff was shot, he was charged with assault against a peace officer (second degree felony); purchase, transfer, use of a dangerous weapon by a restricted person (class A misdemeanor), and failure to stop at command of law officer (class A misdemeanor).

37.     Plaintiff spent approximately 19 months in Salt Lake County Jail because he could not afford his excessively high bail.

38.     Upon information and belief, the West Jordan City Defendants, including West Jordan City, Ian Adams, Doug Diamond, and John and Jane Does 1-20, worked in conjunction with Salt Lake County Defendants, including Salt Lake County, Salt Lake County Sheriff, and John and Jane Does 1-20, in making decisions regarding the prosecution of Plaintiff by sharing information and making recommendations regarding the prosecution of Plaintiff amongst themselves.

39.     The legal proceedings against Plaintiff for assault against a peace officer (second degree felony); purchase, transfer, use of a dangerous weapon by a restricted person (class A misdemeanor) and failure to stop at command of law officer (class A misdemeanor) were eventually terminated in his favor, in a manner indicative of innocence.

40.     Upon arriving at Salt Lake County Jail, in light of his injuries stemming from the shooting incident, Plaintiff required immediate and particular medical treatment and care.

41.     Upon information and belief, Plaintiff made numerous complaints to Defendants, including Salt Lake County Jane and/or John Does 1-20, regarding his need to seek proper medical attention, treatment and care for the injuries he sustained, many of which were deliberately ignored.

42.     Upon information and belief, upon first arriving at Salt Lake County Jail, Plaintiff was bleeding profusely on the floor in a holding cell for over 10 hours in need of mediation attention.

43.     Upon information and belief, a nurse approached a John Doe Salt Lake County guard and informed the guard that Plaintiff needed his bandages or dressings changed.

44.     John Doe Salt Lake County guard responded "fuck him, I don't care."

45.     Upon arriving at Salt Lake County Jail, despite having a broken hip and other serious injuries, Plaintiff was put in a cell on the second floor of the jail.

46.     For one to two weeks, Plaintiff was forced to crawl on his hands and knees every day to get down to the first floor so he could eat meals and get medication.

47.     Plaintiff was also not provided crutches for his first one to two weeks.

48.     During Plaintiff's first month of detainment, Plaintiff was repeatedly strip searched and forced to stand on one leg despite complaints that Plaintiff had terrible injuries, including a broken hip.

49.     John Doe Salt Lake County guards threatened to write Plaintiff up for punishment if he did not comply with their demands to stand up.

50.     Upon information and belief, one of the John Doe Salt Lake County guards harassing Plaintiff was named "Skinner."

51.     Upon information and belief, John Doe Salt Lake County guards would routinely search Plaintiff's cell and unnecessarily confiscate his pain medications.

52.     Upon information and belief, Plaintiff was targeted by John Doe Salt Lake County guards because of his assault against a peace officer charge stemming from the July 10, 2014 shooting incident.

53.     As a direct and proximate result of having his constitutional rights violated, Plaintiff has incurred, and will continue incurring, attorney fees, in addition to the other damages outlined above.

<u>**COUNT 1 – 42 U.S.C. § 1983 – Excessive Force**</u>
**(Timothy Peterson v. Officer Ian Adams, West Jordan City, John/Jane Does 1-20)**

54.     Plaintiff incorporates all preceding paragraphs and further alleges the following:

55.     At all times relevant hereto, Defendant, West Jordan Police Department, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendant, Ian Adams, owed a duty of care to plaintiff to refrain from using excessive force against others, including Plaintiff.

56.     At all times relevant hereto, Defendant Adams and John Doe Officers were authorized officers, agents, and employees of West Valley Police Department and were acting in the course and scope of their employment under the color of state law.

57.     At all times relevant hereto, it was the duty of Defendant Adams, individually and as an officer, agent, and/or employee of West Valley Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff.

58.     On July 10, 2014, in breach of said duty, Defendants used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

   a.   Defendant Adams dangerously and improperly fired his firearm at Mr. Adams;

   b.   Defendant Adams dangerously and improperly shot at Plaintiff 10 times striking him twice;

   c.   Defendant Adams used a level of force that Defendant Adams knew, or should have known, was excessive;

   d.   Defendant Adams used an unreasonable amount of force in relationship to the threat or force posed by Plaintiff;

   e.   Defendant used an unreasonable amount of force in attempting to question or detain Plaintiff under the circumstances;

   f.   Defendant Adams used excessive force in violation of West Valley Police Department's policy which expressly prohibits the use of excessive force;

   g.   Defendant Adams failed to use less dangerous means of restraint on Plaintiff before shooting Plaintiff, as Plaintiff was not engaged in conduct that would justify the use of deadly force; and/or

   h.   Defendant failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Utah.

59.     At all times relevant hereto, it was the duty of Defendant Adams, individually and as an officer, agent, and/or employee of West Jordan Police Department, to refrain from using unreasonable excessive force against others, including Plaintiff.

60.     At all times relevant hereto, the aforementioned conduct of Defendant Adams constituted unreasonable excessive force in violation of the United States Constitution.

61.     At all times relevant hereto, the actions of Defendant Adams would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendant Adams used such force.

62.     At all times relevant hereto, the actions of Defendant Adams were undertaken with malice, willfulness, and reckless indifference to the constitutional rights of Plaintiff.

63.     As a direct and proximate result of Defendant Adams's unjustified and excessive use of force, Plaintiff experienced conscious pain and suffering.

64.     As a result of Defendant Adam's unjustified and excessive use of force, Plaintiff suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, and emotional distress.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants, West Jordan City, a Municipal Corporation, Defendant Ian Adams, and John and/or Jane Does 1-20, awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT 2 – 42 U.S.C. § 1983 – Policy and Custom
**(Timothy Peterson v. Police Chief Diamond and West Jordan City)**

65.     Plaintiff incorporates all preceding paragraphs and further alleges the following:

66.     At all times material hereto, the employees, agents and/or officers of the Defendant West Jordan City, including the officers named as defendants herein, were acting

under the color of state law and pursuant to the policy, custom and/or usage of West Jordan City and its police department.

67.     Upon information and belief, Defendants Diamond and West Jordan City encouraged, developed, pursued, or permitted policies, practices, and customs either formal or informal, which caused and permitted police officers to use unreasonable and unnecessary force in apprehending people.  Such conduct includes, but is not limited to, establishing a policy or practice of protecting police officers who violate the constitutional rights of individuals by failing to discipline, reprimand, teach, or discourage police officers.

68.     Upon information and belief, such conduct by Defendants Diamond and/or West Jordan City permitted, encouraged, and caused Defendant Adams to act as described above with knowledge, understanding, or belief that his conduct would not cause him to be reprimanded, disciplined, or discharged.

69.     Upon information and belief, Defendants Diamond and West Jordan City have knowingly and/or intentionally failed to adequately hire, retain, train, educate, monitor, and/or supervise, or has been deliberately indifferent, reckless, or grossly negligent in hiring, retaining, training, educating, monitoring, and/or supervising its police officers, including, without limitation, Defendant Adams.

70.     The above-described misconduct by Defendants Diamond and West Jordan City caused Plaintiff to be subjected to violations of constitutional rights under the Fourth and/or Fourteenth Amendment(s) to the United States Constitution, and have encouraged other police officers to engage in similar violations of constitutional rights.

71.     Moreover, the West Jordan Police Department and Police Chief Diamond, and thereby the Defendant West Jordan City, created and allowed a policy, custom or usage whereby its police officers arrested individuals without probable cause, used excessive force when conducting those arrests or detaining individuals for questioning, and failed to give proper medical treatment to suspects that had been placed in custody and required medical treatment including Plaintiff.

72.     The West Jordan Police Department and Police Chief Diamond, and thereby the Defendant West Jordan City, including its agents, employees, and/or officers, maintained, among other things, the following unconstitutional customs, practices and/or policies:

     a.  Failed to adequately supervise, discipline and train their employees, agents and officers, including Defendant Adams, in the appropriate use of force;

     b.  Failed to properly train its officers on the appropriate use of deadly force, including whether, and under what circumstances, an officer can shoot a suspect in the back while they are running away;

     c.  Hired officers who were substandard and who were not properly trained and disciplined, including Defendant Adams, who lacked defensive tactics training on the use of firearms; and/or

     d.  Failed to ensure Plaintiff received proper medical treatment once detained and in custody.

73.     The West Jordan Police Department and Police Chief Diamond, ratified the misconduct of Defendant Adams, by failing to conduct an adequate internal investigation of the July 20, 2014 incident, including the use of excessive force by the officers.

74.     The failure of the West Jordan Police Department and Police Chief Diamond to supervise its officers, to discipline its officers, to properly train its officers, to properly hire and retain officers, and its failure to prevent the use of excessive force during arrests or detentions,

and failure to provide proper medical treatment to suspects in need of such treatment once in custody constitutes deliberate indifference, willful conduct, and knowing conduct towards the public in general and specifically towards Plaintiff.

75.     The employees, agents and officers of the Defendant West Jordan City, including Police Chief Diamond and defendant police officers, through their above-described actions, deprived Plaintiff of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States including the right to be secure in their persons against unreasonable seizures including the use of excessive force.

76.     The employees, agents and police officers of the Defendants West Jordan Police Department and Police Chief Diamond, through their actions described above, deprived Plaintiff of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

77.     As a direct, proximate and foreseeable result of the constitutional violations and misconduct of the Defendants, as set forth above, Plaintiff suffered severe and permanent injuries.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants, West Jordan City, a Municipal Corporation, and Defendant Doug Diamond, awarding compensatory damages, attorneys' fees, economic losses, special damages,

punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just.

### COUNT 3 – 42 U.S.C. §1983—Malicious Prosecution
**(Timothy Peterson v. Officer Ian Adams, West Jordan City, John/Jane Does 1-20)**

78.     Plaintiff hereby adopts and re-alleges the preceding paragraphs as though fully set forth herein.

79.     Defendant Ian Adams initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without just cause.

80.     Defendant Ian Adam, West Jordan City, and John/Jane Does 1-20 (employees of West Jordan City) had a duty to Plaintiff to perform a proper and full investigation into the basis of any criminal charge they intended to make against Plaintiff and to not make charges against Plaintiff based on inaccurate or false information.

81.     With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant Ian Adams and/or John Does 1-20 created false and/or inaccurate police reports, and falsely charged Plaintiff with assault against a peace officer (second degree felony); purchase, transfer, use of a dangerous weapon by a restricted person (class A misdemeanor), and failure to stop at command of law officer (class A misdemeanor).

70.     In addition, Defendant Ian Adams gave false accounts regarding the incident/investigation to other police officers and/or prosecutors and/or fabricated evidence.

71.     The legal proceedings against Plaintiff for assault against a peace officer (second degree felony); purchase, transfer, use of a dangerous weapon by a restricted person (class A

misdemeanor) and failure to stop at command of law officer (class A misdemeanor) were terminated in his favor, in a manner indicative of innocence.

72.     As a direct and proximate result of Defendant's malicious prosecution, Plaintiff was deprived of his liberty, served approximately 19 months in Salt Lake County Jail awaiting resolution of the criminal matters, sustained attorney's fees, and suffered damages, including physical and emotional injuries.

73.     The actions of the Defendant Ian Adams in maliciously prosecuting Plaintiff was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

74.     Moreover, Defendant Ian Adams, through the actions described above, deprived Plaintiff of his rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful arrest, imprisonment, seizure and detention of his person.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants, West Jordan City, a Municipal Corporation, Defendant Ian Adams, and John Does 1-20 awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just.

### COUNT 4 – 42 U.S.C. §1983—False Arrest
**(Timothy Peterson v. Officer Ian Adams, West Jordan City, John/Jane Does 1-20)**

76.     Plaintiff hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

77.     This is an action for damages against Defendants Ian Adams, West Jordan City, and John Does 1-20 for the deprivation of Plaintiff's First, Fourth, and Fourteenth Amendment rights in violation of 42 USC § 1983.

78.     At all times relevant hereto, Defendants were acting under the color of state law and pursuant to the policy, custom and/or usage of the West Jordan City Police Department.

79.     Defendants, through the actions described above, deprived Plaintiff of his rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful arrest, imprisonment, seizure and detention of his person.

80.     At all relevant times, Plaintiff was arrested and/or detained against his will without proper legal authority, legal justification, or probable cause.

81.     The actions and omissions of Defendants maliciously, willfully, deliberately, wantonly, intentionally, violently, negligently, carelessly, and/or recklessly resulted in the false arrest of the Plaintiff.

82.     As a direct and proximate foreseeable result of the violations of Plaintiff's constitutional rights, including the rights guaranteed to Plaintiff by the First, Fourth, and Fourteenth Amendments, and the misconduct of Defendants, including Defendant Ian Adams, Plaintiff suffered injuries, including being falsely arrested, physical pain and suffering, mental pain and suffering, emotional distress, lost wages, disability, and the loss of a normal life.

83.     As a result of Plaintiff's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants, West Jordan City, a Municipal Corporation, Defendant Ian Adams, and John Does 1-20, awarding compensatory damages, punitive damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just.

### COUNT 5 – 42 U.S.C. §1983—Failure to Provide Adequate Medical Care
**(Timothy Peterson v. Salt Lake City Corporation, Salt Lake County, Jim Winder, and John/Jane Does 1-20)**

84.     Plaintiff hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

85.     This is an action for damages against Defendants Salt Lake City Corporation, Salt Lake County, Salt Lake County Sheriff Jim Winder, and John Does 1-20 for the deprivation of Plaintiff's First, Fourth, Eight, and Fourteenth Amendment rights in violation of 42 USC § 1983.

86.     Defendants had a duty to provide timely medical treatment for conditions about which they knew or should have known.

87.     Defendants knew about Plaintiff's medical needs, and with deliberate indifference to such serious medical needs, Defendants acted or failed to act in such a way as to deprive Plaintiff of necessary and adequate medical care, thus endangering her health and well-being.

88.     Such acts and/or omissions of the Defendants violated rights secured to Plaintiff under the Eighth Amendment to the United States Constitution.

89.     Defendants knew of Plaintiff's medical needs, and with deliberate indifference to such medical needs, acted or failed to act in such manner as to prevent her from obtaining seriously needed medical treatment and care.

90.     As a direct and proximate result of Defendants' deliberate indifference, Plaintiff while in custody aggravated her existing injuries and suffered other damages, including humiliation, emotional distress, and physical pain and suffering.

91.     Considering Plaintiff's repeated complaints and obvious physical limitations and injuries, as well as other aspects of her known medical history, her injuries from failing to receive adequate medical care and treatment were foreseeable.

92.     Further, due to the egregious nature of Defendants' indifference and intentional or reckless disregard for the health and safety of Plaintiff, Plaintiff seeks punitive damages against said Defendants as may be allowed by law.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants Salt Lake City Corporation, Salt Lake County, Salt Lake County Sheriff, Salt Lake County Sheriff Jim Winder, and John Does 1-20, in their individual and official capacities, awarding compensatory damages, punitive damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just.

### COUNT 6 – 42 U.S.C. §1983—Failure to Provide Adequate Medical Care – Policy and Custom
**(Timothy Peterson v. Salt Lake City Corporation, Salt Lake County, Jim Winder, and John/Jane Does 1-20)**

93.     Plaintiff hereby adopts and re-alleges all preceding paragraphs as though fully set forth herein.

94.     This is an action for damages against Defendants Salt Lake City Corporation, Salt Lake County, Salt Lake County Sheriff Jim Winder, and John Does 1-20 for the deprivation of Plaintiff's First, Fourth, Eighth and Fourteenth Amendment rights in violation of 42 USC § 1983.

95.     Defendants Salt Lake City Corporation, Salt Lake County, and Salt Lake County Sheriff Jim Winder may be held liable in damages for constitutional wrongs caused by their failure to adequately train or supervise their subordinates due to their deliberate indifference.

96.     These Defendants foresaw, or should have foreseen, the possibility of inmates or detainees being taken into custody who may suffer from serious health conditions. However, these Defendants failed to provide adequate policies, procedures, or training to their employees or contractors to reasonably provide for the safety and health of inmates and detainees with such serious health conditions.  In this, these Defendants were deliberately indifferent to the health and safety of Plaintiff, causing him to suffer significant injuries.

97.     These Defendants, in their individual and official capacities, failed to provide adequate policies, procedures, or training to their employees or contractors in instructing and directing them to adequately monitor and respond to inmates with serious health conditions that subsequently lead to serious medical conditions. In this, these Defendants were deliberately indifferent to the health and safety of Plaintiff.

98.     Moreover, if a governmental agency or agent thereof has a policy, custom, or practice that tolerates commission of unconstitutional acts by its officers and/or employees, then

the agency and/or the employees or contractors who are in a position to set the policy, custom, or practice, may be held liable directly for the consequences of any unconstitutional acts by said persons.

99.     Here, as set forth above, Plaintiff made numerous complaints both orally and in written form regarding the inadequate medical care, which complaints were often ignored.

100.     As a direct and proximate result of these Defendants' actions, inactions, and/or deliberate indifference, Plaintiff was deprived of her rights in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

101.     The violation of Plaintiff's rights is actionable under 42 U.S.C. § 1983, and Plaintiff is entitled to judgment against Defendants under that section for damages in an amount to be determined at trial.

102.     Plaintiffs are entitled to attorney's fees and costs against Defendants under 42 U.S.C. § 1988.

103.     Plaintiffs are entitled to punitive damages, as may be allowed by law, due to Defendants' willful, wanton, and grossly reckless conduct.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants Salt Lake City Corporation, Salt Lake County, Salt Lake County Sheriff, Salt Lake County Sheriff Jim Winder, and John Does 1-20, in their individual and official capacities, awarding compensatory damages, punitive damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just.

### COUNT 7 – 42 U.S.C. §1983—Malicious Prosecution

**(Timothy Peterson v. Salt Lake County, James "Jim" Winder, John/Jane Does 1-20)**

104.   Plaintiff hereby adopts and re-alleges the preceding paragraphs as though fully set forth herein.

105.   Defendants Salt Lake County Sheriff, Salt Lake County, and employees of Salt Lake County John and/or Jane Does 1-20 initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without just cause.

106.   Defendants Salt Lake County Sheriff, Salt Lake County, and employees of Salt Lake County John and/or Jane Does 1-20 had a duty to Plaintiff to perform a proper and full investigation into the basis of any criminal charge they intended to make against Plaintiff and to not make charges, or participate in the making of charges, against Plaintiff based on inaccurate or false information.

107.   With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendants Salt Lake County Sheriff, Salt Lake County, and employees of Salt Lake County John and/or Jane Does 1-20 created false and/or inaccurate police reports, and either falsely charged or assisted in the false charging of Plaintiff with assault against a peace officer (second degree felony); purchase, transfer, use of a dangerous weapon by a restricted person (class A misdemeanor), and failure to stop at command of law officer (class A misdemeanor).

108.   In addition, Defendant Salt Lake County Sheriff and employees of Salt Lake County John and/or Jane Does 1-20 gave false accounts regarding the incident/subsequent investigation to other police officers and/or prosecutors and/or fabricated evidence.

109.   The legal proceedings against Plaintiff for assault against a peace officer (second degree felony); purchase, transfer, use of a dangerous weapon by a restricted person (class A

misdemeanor) and failure to stop at command of law officer (class A misdemeanor) were terminated in his favor, in a manner indicative of innocence.

110.    As a direct and proximate result of Defendant's malicious prosecution, Plaintiff was deprived of his liberty, served approximately 19 months in Salt Lake County Jail awaiting resolution of the criminal matters, sustained attorney's fees, and suffered damages, including physical and emotional injuries.

111.    The actions of the Defendant Salt Lake County Sheriff and employees of Salt Lake County John and/or Jane Does 1-20 in maliciously prosecuting Plaintiff were in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

112.    Moreover, Defendant Salt Lake County Sheriff and employees of Salt Lake County John and/or Jane Does 1-20, through the actions described above, deprived Plaintiff of his rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful arrest, imprisonment, seizure and detention of his person.

WHEREFORE, Plaintiff, Timothy Peterson, respectfully requests that this Court enter judgment against Defendants, Salt Lake County, Defendant James "Jim" Winder, and John Does 1-20 awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A.     For special damages in an amount to be determined at trial;

B.     For general damages in an amount to be determined at trial;

C.     For punitive damages in an amount to be determined at trial

D.     For an award of attorney's fees and costs incurred herein pursuant to 42 U.S.C. § 1983 and § 1988, or as otherwise provided by law; and

E.     For such other further relief as the Court deems proper, including, without limitation, pre- and post-judgment interest.

## JURY DEMAND

Plaintiff demands a jury trial of all issues of fact in this matter.

DATED this 2nd day of June, 2017.

EISENBERG, GILCHRIST & CUTT


  /s/ Jeffrey D. Eisenberg
Jeffrey D. Eisenberg
Christopher P. Higley

**ROMANUCCI & BLANDIN**
Antonio Romanucci (*pro hac vice*)
Martin Gould (*pro hac vice*)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2017, I sent the foregoing via email only to the following attorneys of record:

Sim Gill
District Attorney for Salt Lake County
Neil Sarin
Ruby Redshaw
Deputy District Attorneys
rbissell@slco.org
nsarin@slco.org
*Attorneys for Defendant Salt Lake County and James "Jim" Winder*

Gary L. Johnson
Brian D. Bolinder
Richards Brandt Miller Nelson
gary-johnson@rbmn.com
brian-bolinder@rbmn.com
*Attorneys for Defendant Ian Adams*

*Terry M. Plant*
*Stewart B. Harman*
*Plant, Christensen & Kannel*
sharman@pckutah.com
tplant@pckutah.com
*Attorneys for West Jordan City and Doug Diamond*

Paul Dodd
CITY OF WEST JORDAN ATTORNEY'S OFFICE
pauld@wjordan.com
*Attorney for Defendants Doug Diamond & West Jordan City*

/s/ Michelle K. Winegar